UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIR INTERNATIONAL US (INC.),

        Plaintiff,

v.

ENGINEERED PLASTIC
COMPONENTS, INC. and EPC-
COLUMBIA, INC.,

        Defendants.

_____/

Case No. 2:23-cv-11041

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING MOTION TO SET
ASIDE DEFAULT [22] AND ORDERING JOINT STATUS REPORT**

Plaintiff Air International sued Defendants Engineered Plastic Components and EPC-Columbia for breach of contract in May. ECF 1. After Defendants failed to answer the complaint and Plaintiff failed to take any further action in the case, the Court ordered Plaintiff to show cause for why the case should not be dismissed for failure to prosecute. ECF 9. Plaintiff responded that the parties had been in active settlement negotiations and expected a resolution within fourteen days. ECF 10. After more than fourteen days passed, the Court issued another show cause order. ECF 11. Plaintiff responded that the parties reached an agreement that would be finalized in seven days and requested that the Court not dismiss the case. ECF 12. More than two weeks later, the Court issued a third show cause order. ECF 13. Plaintiff responded and requested an entry of default as to both Defendants. ECF 14, 15. The Clerk of Court then entered Defendants into default. ECF 17, 18. Defendants

1

moved to set aside the entries of default, ECF 22, and Plaintiff opposed the motion, ECF 23. Plaintiff has not moved for default judgment.

Federal Rule of Civil Procedure 55(c) provides that the Court may set aside an entry of default for good cause. In determining whether good cause has been shown, the Court "should examine whether (1) the default was willful, (2) set-aside would prejudice [P]laintiff, and (3) the alleged defense was meritorious." *See Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quotation marks and quotation omitted).

After considering the three factors, the Court will set aside the entries of default, ECF 17, 18. First, the default was not willful. Defendants did not timely answer the complaint because they were actively negotiating a settlement with Plaintiff and believed that Plaintiff procured an extension to the answer deadline on Defendants' behalf. ECF 22, PgID 195. Indeed, Plaintiff requested an extension on Defendants' behalf on two previous occasions. ECF 10, 12. What is more, Defendants did not hire counsel until the entries of default were entered "because [they] otherwise at all times believed they were working with Plaintiff toward a resolution of the parties' [] claims." ECF 22, PgID 195–96. Defendants also immediately responded to the entries of default, thus demonstrating that they were aware of the need to respond through counsel and suggesting that they did not believe they had to do so at that time. In all, Defendants' belief that they did not yet need to file an answer, although mistaken, was part of their good-faith effort to resolve the case. Taken together, the evidence suggests that Defendants' default was not willful.

Second, setting aside default will not prejudice Plaintiff. Plaintiff argued that it would be prejudiced if the entries of default were set aside because Defendants' course of action has "obfuscate[d], delay[ed,] and frustrate[d]" Plaintiff's attempts at resolving the matter. ECF 23, PgID 239 (citing *Southern Elec. Health Fund v. Bedrock Services*, 146 Fed. Appx. 772, 778 (6th Cir. 2005)). But Plaintiff and Defendants' attempts to resolve the matter appear to have been mutual.. *See* ECF 10, 12 (asking the Court to extend the time for Defendants to answer the complaint because the parties were negotiating a settlement). Indeed, any delays in the litigation could just as likely be attributed to Plaintiff, given Plaintiffs' requests for schedule extensions and delay in moving for default judgment. Accordingly, setting aside the entries of default would not prejudice Plaintiff.

Last, Defendants advanced a meritorious defense. ECF 22, PgID 198. First, they claimed that Plaintiff breached the contract between the parties. *Id.* Second, they argued that Plaintiff's claims are barred by an otherwise enforceable settlement agreement. *Id.* And "if any defense relied upon states a defense good at law, then a meritorious defense has been advanced.*" Belsito v. Johnson*, No. 08-cv-12373, 2010 WL 11541837, at *3 (E.D. Mich. Feb. 10, 2010) (Murphy, J.) (citing *United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983)). A "defense is sufficient if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987) (quotation marks and quotation omitted). Here, both defenses advanced by Defendants are good at law. If proven at trial, either breach of

3

contract or the existence of a settlement agreement would constitute a complete defense. *INVEST*, 815 F.2d at 399. Thus, Defendants advanced a meritorious defense.

In sum, the Court finds that, although Defendants did not timely answer the complaint, Defendants' failure to answer was not willful, Plaintiff will not be prejudiced by setting aside the entries of default, and Defendants advanced a meritorious defense. Thus, Defendants have shown good cause for why the Court should set aside the entries of default. The Court will therefore grant the motion to set aside the entries of default. The Court will also order Defendants to answer or otherwise respond to the complaint no later than September 27, 2023. Last, the Court will order the parties to submit a joint status report no later than October 4, 2023, describing the status of the settlement negotiations between the parties.

**WHEREFORE**, it is hereby **ORDERED** that the Motion to Set Aside Default [22] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court must **SET ASIDE** the entries of default [17], [18].

**IT IS FURTHER ORDERED** that the Defendants **ANSWER OR OTHERWISE RESPOND** to the complaint [1] **no later than September 27, 2023**.

**IT IS FURTHER ORDERED** that the parties must **SUBMIT** the above-

described status report **no later than October 4, 2023**.

    **SO ORDERED.**

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: September 25, 2023